MONROE, Judge,
dissenting.
I believe that a genuine issue of material fact exists in this case. Phillips, the shopper, contends that he was still shopping in the outdoor garden area — where K-Mart had merchandise for sale — and that he had merely pushed his shopping cart out of the way of *1394 a ear backing out of a parking space when he was accused of shoplifting. He claims that he never approached his car in the parking lot. The testimony of Michael Hurt, the “loss control” district manager whose district included the store where this incident occurred, also tends to open the question of whether Jones had probable cause to have Phillips arrested for shoplifting. Hurt’s testimony tends to show that K-Mart’s policy was to ask people suspected of shoplifting to return to the inside of the store and pay for their merchandise, rather than have them arrested.
In light of this evidence, I believe the question of whether Jones had probable cause to have Phillips arrested is best left to a jury, and is not the proper subject for a summary judgment. Therefore, I must respectfully dissent.
YATES, J., concurs.